# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3394 | **DATE** | 5/15/2013 |
| **CASE TITLE** | United States ex rel. Anthony Hernandez (#B-77118) vs. Richard Harrington | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion to proceed *in forma pauperis* [#3] is granted. However, the petitioner is ordered to show good cause in writing why his habeas petition should not be dismissed as time-barred. Failure to show good cause within thirty days of the date of this order will result in summary dismissal of the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The petitioner is advised that he is required to provide the court with the original plus a judge's copy of every document filed.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Anthony Hernandez, an Illinois state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his convictions for murder, attempted murder, and unlawful use of a weapon by a felon on the grounds that both trial and appellate counsel provided ineffective representation.

The petitioner having show that he is indigent, his motion to proceed *in forma pauperis* is granted. Although the petitioner has paid the statutory filing fee, his i.f.p. status may affect such future considerations as his eligibility for court-recruited counsel.

However, the petitioner is ordered to show good cause in writing why his petition for a writ of habeas corpus should not be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially
**(CONTINUED)**

mjm

**STATEMENT (continued)**

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* "The time period during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

The Illinois Supreme Court denied the petitioner's request for direct review in March 2007. There is no indication that there was any other state review process pending until September 2009, when the petition filed a motion for relief from judgment. If, as appears to be the case, the petitioner's conviction became "final" in March 2007, the time for seeking federal habeas review expired one year later. The petitioner's post-conviction efforts in 2009 and 2010 would not "reset the federal clock" if it limitations period had already run. *See, e.g., DeJesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009).

The petitioner has not identified any facts that would toll the one-year period of limitations. His petition for a writ of habeas corpus would therefore appear to be time-barred. *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997) (limitations period applies to all habeas corpus petitions filed after April 23, 1997). Accordingly, the petitioner is ordered to show good cause in writing why the petition should not be dismissed as time-barred. Failure to show cause within thirty days of the date of this order will result in summary dismissal of the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**As a final concern, the petitioner is advised that he is required to provide the court with the original plus a judge's copy of every document filed.**