Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3394 | **DATE** | 7/1/2013 |
| **CASE TITLE** | United States ex rel. Anthony Hernandez (#B-77118) vs. Richard Harrington | | |

**DOCKET ENTRY TEXT:**

The respondent is ordered to answer the petition or otherwise plead within thirty days of the date of this order. The petitioner's motion for attorney representation [#4] is denied as premature.

■ [For further details see text below.]                                    Docketing to mail notices.

---

## STATEMENT

Anthony Hernandez, an Illinois state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his convictions for murder, attempted murder, and unlawful use of a weapon by a felon on the grounds that both trial and appellate counsel provided ineffective representation.

By Minute Order of May 15, 2013, the court granted the petitioner's motion to proceed *in forma pauperis* but ordered him to show good cause in writing why his petition for a writ of habeas corpus should not be dismissed as untimely. In response, the petitioner argues that he is entitled to equitable tolling because the unusual circumstances of his confinement effectively prevented his access to the courts; he additionally contends that he is actually innocent of the underlying offenses. The court will therefore permit the petitioner to pursue his claims, as untimeliness is an affirmative defense that may be waived if not raised by the respondent. *See, e.g., Allen v. Siebert*, 552 U.S. 3, 6-7 (2007) (citations omitted); *Grigsby v. Cotton*, 456 F.3d 727, 731 (7th Cir. 2006).

The respondent is ordered to answer the petition or otherwise plead within thirty days of the date of this order. This preliminary order to respond does not, of course, preclude the State from making whatever arguments it may wish to present regarding exhaustion, timeliness, procedural default, or any other defense.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

Finally, the petitioner's motion for attorney representation is denied at this time as premature. Counsel must be recruited in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require attorney assistance in this case cannot be determined until after the court has had an opportunity to review and consider the respondent's answer to the petition.