IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel.<br>ANTHONY HERNANDEZ, B77118,<br><br>                Petitioner,<br><br>v.<br><br>RICK HARRINGTON, Warden,<br>Menard Correctional Center,<br><br>                Respondent. | No. 13 C 3394<br><br>The Honorable Robert W. Gettleman,<br>Judge Presiding |

## MOTION FOR RELIEF FROM APPOINTMENT

1. On Friday, August 14, 2015, appointed counsel was notified of an order appointing him to represent a petitioner who seeks a Writ of Habeas Corpus for a conviction of First Degree Murder in the case of <u>Hernandez v. Harrington et al</u>, Case: 13 C 3394.

2. LR83.38. **Relief from Appointment** provides (in relevant part): *After appointment counsel may apply to be relieved of an order of appointment only on the following grounds as the appointing judge finds adequate for good cause shown:*

> *(2) In counsel's opinion, counsel is not competent to represent the party in the particular type of action assigned.*
>
> \* \* \*
>
> *(4) Because of the temporary burden of other professional commitments involved in the practice of law, counsel lacks the time necessary to represent the party.*

3. Appointed counsel represents to this Court that the appointment has caught him at an unusually fragile and difficult time due to the temporary burden of prior professional commitments, specifically a new job starting up a new branch law firm, current large workload with travel and no assistance, being understaffed due to the new endeavor, and family

obligations, so that there is currently a lack of any time to provide Petitioner with ethically competent representation, in an unfamiliar area of law, when the matter is so complex and the outcome so gravely important.

4. A year and a half ago, appointed counsel left his prior employment of eleven years, in a calculated career gamble to start a Chicago office for an existing law firm that has its main office in Buffalo, NY. Appointed counsel took a personal and financial risk in taking on the task. Establishing the new practice has come with a great deal of personal sacrifice, lack of vacation time, unbillable hours, and fourteen hour days in the city away from home. Besides legal work, appointed counsel has taken on the additional roles that support this new business, which includes reviewing resumes, interviewing candidates, training, transitioning physical files into digital format, incorporating electronic files into multiple new systems for staff employees at the existing firm, confronting technical issues with the integration, attending required conferences to introduce the new branch office, reporting on the integration to the home office, meeting financial goals, complying with new firm practices/rules, and attending to current clients constant issues with the billing system. All of these obligations have been taken on <u>in addition to</u> litigating cases, which was the only requirement at the prior firm.

5. Currently, due to the transition to the new firm, <u>appointed counsel has no designated associate, no paralegal, no law student clerk(s) for research, and shares, with two other litigators, a legal assistant who also doubles as the full-time office manager</u>. At some point in the unknown future, appointed counsel will get more help and things will change. As we are able to hire more staff and responsibilities can be spread, and delegated, the current work situation should be improved in the next two years.

6. Adding to the difficulty is that appointed counsel's position requires frequent travel. Specifically, over the last twelve years, as a national counsel products liability attorney for a major household electronic appliance manufacturer, counsel is required to be able to travel across the country to attend fire scene inspections and evidence examinations for claims, on short notice. Thereafter, appointed counsel handles the cases locally, with through *pro hac vice* admission, and litigates the case.

7. In addition to the temporary and new responsibilities for starting the new office, handling claims as national counsel, appointed counsel is the only litigator on nineteen (19) civil litigation cases and has one case on appeal. On August 3, 2015, his largest client transferred to a new Third-Party administrator which has resulted in additional reports for that transition which will take place over the next nine months. Appointed counsel's current litigation work requires extensive (fact and medical) depositions involving serious cases such as wrongful death and personal injury. Just as an example, in the next thirty days, appointed counsel is expected to prepare for and take lead position in thirteen (13) depositions, in addition to attending required court appearances, complying with written discovery requests and court ordered schedules. Over the next year, counsel will continue that pace, be traveling extensively to a case pending in California, and has two cases expected to go to trial in 2016. All counsel have existing ethical obligations to current legal clients. However, appointed counsel has not previously had to maintain such a large caseload independently, while working to meet his responsibilities in transitioning and setting up a business.

8. Importantly, appointed counsel has a spouse, that works out of the house in a rehabilitation facility thirty-two hours a week, and three children who are all in school. One of the children has an education plan and requires significant guidance during the school year which

is about to start. Appointed counsel's family have sacrificed much over the last year and half, and hopes that some of the new job issues will resolve over time so that consultations and "goodnights" no longer need to take place over the telephone from my desk. Being an only son himself, appointed counsel values family relationships, as his own widowed mother was diagnosed with cancer in December of 2014 and still needs his assistance getting to doctor appointments and help with daily household issues. In December of 2015, she will learn the date of her next surgery.

9. To make matters worse, appointed counsel is even <u>not competent</u> to represent the Petitioner in that he has **never handled a murder or related case, never practiced criminal defense, knows nothing of the law and procedure related to writ of habeas corpus, criminal appeals or constitutional cases.** Appointed counsel has no time to teach himself an unfamiliar body of law and procedure, review ten years of material, when he has no assistance and is already beyond overextended due to his current professional commitments and family obligations. Petitioner needs counsel who is immediately competent or can gain competency with available time and so that he/she can implement a strategy for handling this type of case.

10. The last year and half has been a massive career and personal challenge, which has taken a physical, mental and emotional toll on appointed counsel. Appointed counsel is struggling to meet deadlines and compliance with his professional obligations, as well as the personal demands made upon him. Adding the particular assigned case at this time, would ensure failure of all endeavors with serious and lasting implications for those involved.

11. This Request for Relief is difficult to draft because of the personal and private nature of the facts this Court must be made aware of in order to understand that the current professional and family situation of appointed counsel, which is unusually difficult at this time,

so that allowing relief from the appointment is justified in fairness to all involved. Being a member of the federal trial bar is an honor not taken lightly, and to ask for some relief from any Court on such a personal level for the first time in twenty-four years of practice, due to his personal struggles, is extremely humbling.

WHERFORE, appointed counsel, JAMES M. ROZAK, respectfully requests and prays this Honorable Court grant relief from this particular appointment at this time for the grounds set forth herein, for good cause shown.

                                                Respectfully submitted,

                                                _____/s/ James M. Rozak_____
                                                James M. Rozak

James M. Rozak – 6205847
Goldberg Segalla LLP
311 South Wacker Drive, Suite 2450
Chicago, IL 60606
312.572.8400
312.572.8401
jrozak@goldbergsegalla.com