IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY HERNANDEZ, B77118, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 13 C 3394 |
| | ) | |
| | ) | |
| RANDY PFISTER, Warden,[1] | ) | |
| Pontiac Correctional Center, | ) | The Honorable |
| | ) | Robert W. Gettleman, |
| Respondent. | ) | Judge Presiding. |

**RESPONDENT'S MOTION TO ADDRESS
PROCEDURAL DEFAULT AND MERITS ARGUMENTS
PRIOR TO CONDUCTING EVIDENTIARY HEARING ON TIMELINESS**

Respondent moves this Court to determine whether, prior to conducting an evidentiary hearing on whether the petition is timely, petitioner's 28 U.S.C. § 2254 petition may be denied on the grounds that petitioner's claims are procedurally defaulted or meritless.

1. On May 3, 2013, petitioner filed his habeas petition, *see* 28 U.S.C. § 2254, raising three claims. Doc. 1. In response to this Court's order that he show cause why the petition should not be dismissed as untimely, petitioner alleged that he had inadequate library access to timely file his petition. Doc. 7 at 2-4.

---

[1] Randy Pfister is the current warden of the Pontiac Correctional Center, where petitioner is incarcerated, and should be substituted as respondent pursuant to Fed. R. Civ. P. 25(d). *See Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005)

2. Respondent answered, arguing that the petition was untimely because, as evidenced by affidavits from prison administrators and library inventory records, petitioner had access to libraries containing the relevant code volumes while the limitations period was running and was not entitled to statutory or equitable tolling.  Doc. 20 at 11-22.  Respondent further demonstrated that petitioner's three claims were procedurally defaulted: Claim 1 was denied by the state appellate court on the independent and adequate state law ground of forfeiture, and Claims 2 and 3 were not raised through one complete round of state court review and were disposed of on the independent and adequate state law ground that they were raised in an unauthorized successive postconviction petition.  *Id.* at 22-27.  Respondent also showed that the claims were meritless.  *Id.* at 27-34.

3. Petitioner's reply denied the accuracy of the affidavits and records supporting respondent's argument that the petition was untimely and responded to respondent's procedural default and merits arguments.  Doc. 27.  Accordingly, the procedural default and merits arguments are fully briefed.

4. On August 12, 2015, the Court indicated that it believed an evidentiary hearing would be necessary to resolve the factual disputes regarding the adequacy of petitioner's library access and appointed counsel.  Doc. 29.  The Court granted counsel's subsequent motion to withdraw and appointed new counsel, Doc. 32, who also moved to withdraw, Doc 33.

5. Respondent continues to assert that petitioner's habeas petition is untimely.  In the interest of preserving the Court's and the parties' time and

resources, respondent asks that the Court determine whether the petition may be denied on the basis that petitioner's three claims are procedurally defaulted or meritless, thereby avoiding potentially expensive and time consuming discovery and evidentiary hearings regarding the question of whether the petition is timely. As set forth more fully in the answer, Doc. 20, the petition presents simple legal issues that can easily be resolved without further factual development and are fully briefed.

6.  This Court may reject the petition on the merits without first resolving the statute of limitations defense, as there is "no necessary priority among non-jurisdictional reasons for rejecting a suit or claim." *Estremera v. United States,* 724 F.3d 773, 775 (7th Cir. 2013); *see also Waddell v. Dept. of Corr.,* 680 F.3d 384, 394 (4th Cir. 2012); *Gaskins v. Duval,* 640 F.3d 443, 444 (1st Cir. 2011). In fact, "[i]t makes sense to tackle the merits first when they are easy and the limitations questions hard." *Estremera,* 723 F.3d at 775. Accordingly, to avoid the potentially complicated and time-intensive statute of limitations issues in this case, respondent asks this Court to reconsider setting an evidentiary hearing and first determine whether the petition's claims may be denied on the grounds that they are procedurally defaulted or meritless.

## CONCLUSION

This Court should determine whether petitioner's 28 U.S.C. § 2254 petition may be denied on the grounds that its claims are procedurally defaulted or meritless prior to conducting an evidentiary hearing on whether the petition is timely.

October 13, 2015                                                     Respectfully submitted,

                                                                        LISA MADIGAN
                                                                        Attorney General of Illinois

By:    <u>s/ Joshua M. Schneider</u>
        JOSHUA M. SCHNEIDER, Bar # 6297555
        Assistant Attorney General
        100 West Randolph Street, 12th Floor
        Chicago, Illinois 60601-3218
        TELEPHONE: (312) 814-3565
        FAX: (312) 814-2253
        EMAIL: jschneider@atg.state.il.us